UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAVIN JERMAINE
SERRAO,

     Plaintiff,

  vs.

MERIT SYSTEMS
PROTECTION BOARD,

    Defendant.

Case No.
6:25-cv-561-CEM-RMN

## ORDER

This matter is before the Court without oral argument on Plaintiff's Motion for Clerk's Entry of Default (Dkt. 13), filed August 13, 2025. The motion has been referred to a magistrate judge for consideration. A response is unnecessary.

The motion is denied for three reasons. First, Local Rule 3.01(a) requires that every motion "include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." The motion does not include a legal memorandum and so does not comply with the requirements of Local Rule 3.01(a).

Second, as applicable here, Local Rule 3.01(g) requires litigants to confer with opposing parties and include in the motion a certification. The motion does not include a certification. Nor does it appear Plaintiff attempted to meaningly confer with Defendant before filing the motion.

Third, the motion is denied on its merits. Plaintiff appears to argue that, because Defendant's answer is untimely, Defendant is in default. Dkt. 13 at 2–3. To reach this conclusion, Plaintiff assumes the operative date for service is the day he deposited the service packets with the postal service. *Compare id.* at 2 (stating service was perfected on May 23) *with id.* Ex. A (certified mail return receipts reflecting delivery on May 27). Plaintiff misunderstands the applicable rules.

Under Federal Rule of Civil Procedure 4(i)(2)(C), service by certified mail is effective as of the date the certified mail is delivered to the addressee "or the addressee's agent." Further, because the 60-day period for a response expired on a Saturday, another rule extended Defendant's response deadline until the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C). Defendant's answer is therefore timely.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Clerk's Entry of Default (Dkt. 13) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 13, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 2 -

Copies to:

Ravin Jermaine Serrao
201 S.W. Joan Jefferson Way, Apt. 307
Stuart, Florida 34994

Counsel of Record